## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS JORGE,<br><br>                Plaintiff,<br><br>v.<br><br>PABLO MUNOZ, *et al.*,<br><br>                Defendants. | Civil Action No.<br><br>21-369 (SDW) (LDW)<br><br>**REPORT & RECOMMENDATION** |

**LEDA DUNN WETTRE, U.S.M.J.**

This is a civil rights action brought by plaintiff *pro se* Luis Jorge on behalf of his son pursuant to 42 U.S.C. § 1983. Before the Court is the motion of defendants Pablo Munoz and Karen Fragale ("Defendants") for an Order dismissing plaintiff's Complaint with prejudice under Federal Rule of Civil Procedure 37(b)(2), based on plaintiff's failure to comply with Court Orders, and pursuant to Rule 37(d), for plaintiff's failure to attend his noticed depositions. Defendants also seek reimbursement of court reporter and counsel fees in connection with plaintiff's repeated failures to appear for deposition. (ECF No. 50).

Although mindful of the leniency with which the Court should treat *pro se* litigants, plaintiff's repeated failure to appear for his noticed deposition has prevented the forward progress of this action. Because written discovery is often difficult for *pro se* litigants to navigate, plaintiff's deposition testimony is essential to understanding his allegations. Plaintiff's failure to appear has thus impeded defendants' ability to obtain sufficient information about plaintiff's vaguely pleaded claims to prepare their defenses. Given that the Court has allowed plaintiff five opportunities to appear for his deposition to avoid dismissal of this action, (*see* ECF Nos. 25, 28, 34, 45, 48), but plaintiff has repeatedly failed to do so, the Court finds that no lesser sanction than dismissal would

be effective or appropriate. Therefore, for the reasons more fully set forth below, the undersigned respectfully recommends that defendants' motion be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the undersigned recommends to the Honorable Susan D. Wigenton, U.S.D.J., that she dismiss this action without prejudice pursuant to Fed. R. Civ. P. 37(b)(2), 37(d), and 41(b), and decline to impose the additional monetary sanction of counsel and court reporter fees.

## BACKGROUND

Plaintiff filed a *pro se* complaint in January 2021, asserting claims against representatives and employees of the Passaic City Board of Education for alleged harassment and discrimination against his minor son, a Passaic public school student, in violation of 42 U.S.C. § 1983. (ECF No. 1). On March 23, 2021, the undersigned entered a Pretrial Scheduling Order requiring depositions to be completed by July 26, 2021. (ECF No. 13). Plaintiff's deposition was originally scheduled for July 20, 2021, in accordance with the Court's Order, but was adjourned at plaintiff's request. (ECF Nos. 19, 22). Defendant then informed the Court that counsel had been unable to reach plaintiff to reschedule his deposition despite repeated attempts to contact him by telephone and email. (ECF No. 24). Plaintiff subsequently failed to appear for a telephonic conference before the undersigned on August 10, 2021. (ECF Nos. 21, 26).

In light of plaintiff's failure to respond to defendants' communications and failure to appear for the August 10 case management conference, the Court issued an Order directing plaintiff to appear for his deposition no later than September 15, 2021 and requiring the parties to appear telephonically for a Court conference in October. (ECF No. 25). Plaintiff, again disregarding the Court's directives, failed to appear for both the rescheduled deposition and the teleconference. (ECF No. 30). Nevertheless, the Court directed plaintiff yet again to appear for his deposition and

ordered it to take place on November 8, 2021. (ECF No. 28). Again, plaintiff did not appear. (ECF No. 32). On November 17, 2021, plaintiff appeared for a telephone conference before the undersigned for the first time. (ECF No. 21, 25). The Court took care to explain to plaintiff the obligations he undertook by filing this action, including the obligation to participate in the discovery process and sit for his deposition. The undersigned granted plaintiff yet another chance to appear by Zoom for deposition in December 2021. (ECF No. 34). The Court's attempts to allow plaintiff to cure his delinquency proved fruitless, however, as plaintiff again failed to log onto that remote deposition. (ECF No. 37).

Given plaintiff's continued failure to attend his deposition and disregard for Court Orders, defendants moved to dismiss the Complaint on December 14, 2021. (ECF No. 38). The Court, having then received several letters from plaintiff explaining his noncompliance with the Court's Orders, gave plaintiff an additional opportunity to allow defense counsel to depose him during the month of February 2022. (ECF No. 45). By letter of February 28, 2022, plaintiff notified the Court that he was unable to provide his Zoom deposition testimony, this time due to purported technical complications. (ECF No. 46). Giving plaintiff a final opportunity to comply, the Court ordered plaintiff to appear for an in-person deposition on or before April 15, 2022 and administratively terminated defendants' Motion to Dismiss pending the outcome of the deposition. (ECF No. 48). Once again, plaintiff failed to appear, and defendants renewed their Motion to Dismiss, now before the Court. (ECF No. 50).

## <u>ANALYSIS</u>

The Federal Rules of Civil Procedure authorize the Court to impose sanctions for failure to respond to orders and for failure to prosecute a case. In both instances, dismissal may be

3

appropriate. Fed. R. Civ. P. 37(b)(2), 41(b). In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors that courts should balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) the extent of the party's personal responsibility*;* (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

**1. Plaintiff's Personal Responsibility.** In this case, plaintiff is *pro se* and solely responsible for his failure to comply with this Court's Orders to appear for Court conferences and his several scheduled depositions. Although plaintiff has provided this Court with a plethora of excuses, the Court must, after nearly a year of continued delinquency, conclude that plaintiff's failure to appear for his depositions demonstrates a willful decision to disregard the Court's Orders.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in this case and to comply with this Court's Orders has prejudiced defendants' ability to defend themselves in this action. The Third Circuit has held that prejudice in this context does not mean "irremediable harm," but the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, without plaintiff's participation in detailing the basis for his claims, defendants cannot present their defenses or cause the action to proceed to an adjudication on the merits.

4

**3. History of Dilatoriness.**  Since August 2021, plaintiff repeatedly has failed to comply with Court Orders to appear for case management conferences and for his deposition, and thus has demonstrated a history of dilatoriness.

**4. Willfulness or Bad Faith.**  The Court will not conclude that plaintiff has proceeded in bad faith.  It appears, however, that plaintiff has knowingly and willfully determined not to participate in this action by refusing to sit for his deposition, despite his apparent receipt of many Orders requiring same.

**5. Effectiveness of Alternative Sanctions.**  The record of plaintiff's unresponsiveness suggests that alternative sanctions would be futile.  Despite several chances, and despite this Court's warning of the consequences of his continued inaction, plaintiff has failed to participate in and prosecute his case.  On these facts, no lesser sanction would appear to be effective.  *See Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008).  The Court and defense counsel have had to spend undue amounts of time attempting to coax plaintiff to participate in this action, which he chose to file.  To the extent that defendants seek an Order from this Court imposing on plaintiff the monetary sanction of counsel and court reporter fees, the undersigned finds that assessment of fees is inappropriate, given plaintiff's financial situation.  (*See* ECF No. 51).  The United States Court of Appeals for the Third Circuit has recognized that such monetary sanctions may be inappropriate or impractical where, as here, plaintiff is proceeding *pro se* and *in forma pauperis.  Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008); *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

**6. Meritoriousness of the Claims.**  Given the preliminary stage of the action when plaintiff became unresponsive, the Court is unable to determine the potential merit of plaintiff's claims.  The Court, therefore, declines to consider this factor in its recommendation.

In sum, the *Poulis* factors favor dismissal.  Plaintiff has failed to obey numerous Court Orders, including five Orders to appear for his deposition, which demonstrates a pattern of non-compliance and dilatoriness.  Plaintiff's failure in this regard establishes his inability or refusal to comply with pretrial Orders and his failure to adequately prosecute this matter.  No further sanction, in the form of an assessment of costs and fees against plaintiff, however, appears appropriate or feasible.

## <u>CONCLUSION</u>

For the reasons stated above, this Court respectfully recommends that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Rules 37(b)(2)(A)(v), 37(d), and 41(b) of the Federal Rules of Civil Procedure.  The parties are advised that they may file objections to this Report and Recommendation within 14 days of the date of this Report pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure.

The Clerk of Court is hereby requested to serve a copy of this Report and Recommendation upon plaintiff at his last known address by regular and certified mail.

Dated: April 26, 2022

    *s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge